[No. 3011.   Decided July 25, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Orville Clark*, v. C. H. NEAL, *Superior Judge*.

VENUE — ORDERS PENDING ACTION.

The fact that a judicial district comprises several counties does not warrant the judge in trying an application for alimony pending a divorce proceeding, in any other county of his district than the one in which the suit was instituted, when there has been no change of venue granted.

*Original Application for Prohibition.*

*E. K. Pendergast*, for relator.

PER CURIAM.—The relator in this case is the defendant in an action by Malvina L. Clark for a divorce, both parties being residents of Douglas county, in this state, and having resided there for a number of years last past. The action for divorce was brought in said county. Respondent is judge of the superior courts in and for the district comprising Lincoln, Adams, Okanogan and Douglas counties. The plaintiff applied for an order against the defendant to compel the payment of alimony, etc.; and a notice was served on him that said matter would be brought on for hearing before the respondent at Davenport, in Lincoln county. The defendant appeared specially and objected to the authority of the court to hear said matter, except in the county of Douglas, where the action was brought and was pending, which objection was overruled, but the hearing was continued. Whereupon the relator has applied for a writ of prohibition to prevent the respondent from proceeding with such hearing.

It has been stipulated between the parties that the facts set forth in relator's application are true and that if a writ is granted, a final one may issue, and not the usual alternative order. No brief has been filed by the respondent. There having been no change of venue applied for or granted, we are of the opinion that the relator's position is well taken and that the respondent had no authority to compel the defendant to appear outside of Douglas county for a trial of the matter in question. We are unable to perceive any distinction, so far as the right to a trial without the county is concerned, between a matter of this kind and a trial of the main issue. No statute has been called to our attention authorizing such a hearing, and the authorities of the relator seem to fully sustain his contention.

The writ should issue.